UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

IN RE:

    Brenda Garrett Reed                                                   CASE NO. 20−01902−JAW
    DEBTOR.                                                                  CHAPTER 13

Brenda Garrett Reed                                                       PLAINTIFF
VS.                                                                           ADV. PROC. NO. 23−00022−JAW
Robert Rex McRaney, Jr.
McRaney & McRaney, PLLC                                             DEFENDANTS

### Application to Employ Special Litigation Counsel

The Debtor, through the undersigned attorney, states the following:

### Background

1. This Application seeks authorization of the employment of Samuel L. Begley, Esq. to serve as special litigation counsel to prosecute a claim or cause of action more particularly described as follows: a legal malpractice civil action by the Debtor against Defendants Robert Rex McRaney, JR. and McRaney and McRaney, PLLC. This case was originally filed by the Debtor, by and through Mr. Begley as her attorney, in the Circuit Court of Hinds County, Mississippi, Cause No. 22-2907, and was then removed by the defendants to the United States District Court, Civil Action No. 3:22-CV-00641-HTW-LGI, whereupon the case was transferred to the Bankruptcy Court.

2. This Application seeks authorization to pay the attorney on a contingency fee basis with the attorney to receive 40 % of any recovery plus reimbursement of litigation expenses, including court fees, witness fees, service of process charges, and court and deposition reporters' fees. If no recovery is made, no amount will be due by Debtor.  A copy of the

employment agreement previously executed by the debtor and the attorney is attached as Exhibit 1.

    3.    11 U.S.C. § 328(a) permits the trustee, with court approval, to employ an attorney on a contingency fee basis.

    4.    The representation of the attorney is in the best interest of the estate.

    6.    The representation of the attorney is for a specific purpose to be approved by the court, other than to represent the debtor in conducting the bankruptcy case.

    7.    The attorney does not represent or hold an interest adverse to the debtor or the debtor's estate with respect to the matter on which such attorney is to be employed.

    8.    The attorney, who has practiced law in Mississippi for 35 years, has experience in representing clients in civil litigation in Mississippi.

    8.    A declaration of the attorney is attached hereto.

WHEREFORE, Debtor requests this court to approve the employment of the Proposed Counsel on the terms described herein.

Dated: November 16, 2023.

          */s/Samuel L. Begley*
          **SAMUEL L. BEGLEY, ESQ.**
          Miss. Bar No. 2315
          BEGLEY LAW FIRM, PLLC
          P. O. Box 287
          Jackson, MS 39205
          Tel: 601-969-5545
          begleylaw@gmail.com

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

IN RE:

    Brenda Garrett Reed                                                       CASE NO. 20−01902−JAW

    DEBTOR.                                                                        CHAPTER 13

Brenda Garrett Reed                                                          PLAINTIFF
VS.                                                                        ADV. PROC. NO. 23−00022−JAW
Robert Rex McRaney, Jr.
McRaney & McRaney, PLLC                                            DEFENDANTS

**Declaration in Support of Application to Employ Special Litigation Counsel**

The undersigned submits this Declaration pursuant to 28 U.S.C. § 1746.

1.     This Declaration is submitted in support of an Application to Employ me as special counsel to the debtor for the limited purposes disclosed in the Application.

2.     Compensation will be payable to me on a contingency fee basis as set forth in the Application, plus reimbursement of litigation expenses, including court fees, witness fees, service of process charges, and court and deposition reporters' fees.

3.     I do not represent or hold any interest adverse to the Debtor or to the estate with respect to the matter on which my law firm is to be employed.

4.     I presently have no material connections (other than as set forth herein) with the Debtor) or the estate, its creditors, or any other party in interest or their respective attorneys or accountants, the United States Trustee, or any person employed in the office of the United States

Trustee.

5.      No agreement exists, nor will any be made, to share any compensation received by my law firm for its services with any other person or firm, except as permitted by Section 504(b) of the Bankruptcy Code and Rule 2016 of the Bankruptcy Rules.

6.      Pursuant to the disclosure requirement of Rule 5002(a) of the Bankruptcy Rules, to the best of my knowledge, neither I nor any person with whom I am associated in the practice of law is a relative by blood or marriage to any Bankruptcy Judge of the United States Bankruptcy Court for the Southern District of Mississippi.

7.      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

<em>/s/Samuel L. Begley</em>

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day electronically filed a true and correct copy of the above and foregoing Application to Employ Special Litigation Counsel with the Clerk of the Court, using the CM/ECF system

Date: November 16, 2023.

/s/Samuel L. Begley