# ATTORNEY-CLIENT CONTINGENCY FEE AGREEMENT

**SAMUEL L. BEGLEY** and **BEGLEY LAW FIRM, PLLC** ("Attorney"), and **BRENDA G. REED** ("Client") hereby agree that Attorney will provide legal services to Client on the terms set forth below.

**1.     CONDITIONS.**   This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement.

**2.      SCOPE OF SERVICES.** Client is hiring Attorney to represent Client in the matter of Client's claims for damages against McRaney and McRaney, PLLC and Robert Rex McRaney Jr., Esq. [and possibly others as future investigation may indicate], arising out of Mr. McRaney's failure to respond to or otherwise defend the motion filed by Tower Loan of Mississippi, LLC  for relief from the automatic stay provided by 11 U.S.C. §362(a) in the Client's  Chapter 13 bankruptcy proceedings  in the United States Bankruptcy Court for the Southern District of Mississippi, Case No.20-01902-JAW.

This agreement does not include any matters pertaining to Client's legal disputes with Tower Loan of legal work performed by any other attorney.

If a court action against McRaney is filed, Attorney will represent Client until a settlement or judgment, by way of arbitration or trial, is reached.

Attorney will oppose any motion for a new trial or any other post-trial motions filed by an opposing party, or will make any appropriate post-trial motions on Client's behalf.

After judgment, Attorney will not represent Client on any appeal, or in any proceeding to execute on the judgment, unless Client and Attorney agree that Attorney will provide such services and also agree upon additional fees, if any, to be paid to Attorney for such services.

Services in any matter not described above will require a separate written agreement.

3.     **RESPONSIBILITIES OF THE PARTIES.**     Attorney will provide those legal services reasonably required to represent Client in prosecuting the claims described in Paragraph 2 and will take reasonable steps to keep Client informed of progress and developments, and to respond promptly to inquiries and communications. Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information and developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills for costs on time, and to keep Attorney advised of Client's address, telephone number and whereabouts. Client agrees to appear at all legal proceedings when Attorney deems it necessary, and generally to cooperate fully with Attorney in all matters related to the preparation and presentation of Client's claims.

4.     **LEGAL FEES.**     Attorney will only be compensated for legal services rendered if a recovery is obtained for Client. If no recovery is obtained, Client will be obligated to pay only for costs, disbursements and expenses, as described below.

The fee to be paid to the Attorney will be based upon all amounts recovered on behalf of the Client, including actual damages, punitive or exemplary damages, treble damages, interest, and attorneys fees, but excluding any recovery of costs awarded to reimburse out-of-pocket expenses incurred in bringing the Client's claims.

The Attorney's fee will be thirty three percent ( 33%) of all amounts recovered on the Client's behalf by any settlement(s) made prior to filing legal action, and the Attorney's fee will be forty percent ( 40%) of all amounts recovered on the Client's behalf after legal action is filed, whether by settlement, jury verdict, or otherwise.

Unless the Termination of Services provisions apply as set out below, the contingency fee would only be due and paid in the event Client recovers damages or other amounts as a result of the matter described in the Scope of Services.

In addition to any contingency fee Attorney earns in the event of a recovery, Client is responsible for out-of-pocket expenses described in Paragraph 6. Attorney will advance out-of-pocket expenses and defer billing for them until the conclusion of this matter, in which event Client agrees that Attorney may deduct and retain those amounts from any recovery.

In the event of Attorney's discharge or withdrawal as provided below, Client agrees that, upon payment of the settlement, arbitration award or judgment in Client's favor in this matter, Attorney shall be entitled to be paid by Client a reasonable fee for the legal services provided.

5. **NEGOTIABILITY OF FEES.** The rates set forth above are not set by law, but are negotiable between an attorney and client.

6. **COSTS AND LITIGATION EXPENSES.** Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses paid or owed by Client in connection with this matter, or which have been advanced by Attorney on Client's behalf and which have not been previously paid or reimbursed to Attorney. Costs, disbursements and litigation expenses commonly include court fees, witness fees, service of process charges, and court and deposition reporters' fees,

To aid in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants or investigators. Attorney shall obtain Client's informed consent before retaining outside investigators, consultants, or expert witnesses.

Additionally, Client understands that if Client's case proceeds to court action or arbitration, Client may be required to pay fees and/or costs to other parties in the action. Any such award will be entirely the responsibility of Client.

7. **APPROVAL NECESSARY FOR SETTLEMENT.** Attorney will not make any settlement or compromise of any nature of any of Client's claims without Client's prior approval. Client retains the

absolute right to accept or reject any settlement. Client agrees to consider seriously any settlement offer Attorney recommends before making a decision to accept or reject such offer. Client agrees not to make any settlement or compromise of any nature of any of Client's claims without prior notice to Attorney.

8. **LIMITATION OF REPRESENTATION.** This Agreement does not apply to any other legal matters. If any such matters arise later, Attorney and Client will either negotiate a separate agreement if Client and Attorney agree that Attorney will perform such additional legal work or Client will engage separate counsel with respect to the cross-claim or counter-claim or additional legal work.

9. **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time, upon written notice to Attorney. Attorney may withdraw from representation of Client (a) with Client's consent, (b) upon court approval, or (c) if no court action has been filed, for good cause and upon reasonable notice to Client. Good cause includes Client's breach of this contract, Client's refusal to cooperate with Attorney or to follow Attorney's advice on a material matter, or any other fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

Notwithstanding Attorney's withdrawal or Client's notice of discharge, and without regard to the reasons for the withdrawal or discharge, Client will remain obligated to pay Attorney for all costs incurred prior to the termination and, in the event that there is any net recovery obtained by Client after conclusion of Attorney's services, Client remains obligated to pay Attorney for the reasonable value of all services rendered by him from the effective date of this Agreement to the date of discharge.

10. **CONCLUSION OF SERVICES.** When Attorney's services conclude, all unpaid

charges will immediately become due and payable. After Attorney's services conclude, upon request, Client's file and property will be delivered to Client, or Client's other attorney, whether or not Client has paid any fees and/or costs owed to Attorney.

11.     **LIEN.**     Client hereby grants Attorney a lien on any and all claims or causes of action that are the subject of Attorney's representation under this Agreement. Attorney's lien will be for any sums owing to Attorney for any unpaid costs, or attorneys' fees, at the conclusion of Attorney's services. The lien will attach to any recovery Client may obtain, whether by arbitration award, judgment, settlement or otherwise. The effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of Client even if Attorney has been discharged before the end of the case. Because a lien may affect Client's property rights, Client may seek the advice of an independent lawyer of Client's own choice before agreeing to such a lien.

12.     **RECEIPT OF PROCEEDS.**     All proceeds of Client's case shall be deposited into Attorney's trust account for disbursement in accordance with the provisions of this Agreement.

13.     **DISCLAIMER OF GUARANTEE.**     Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of this matter. Attorney makes no such promises or guarantees. There can be no assurance that Client will recover any sum or sums in this matter.Attorney's comments about the outcome of this matter are expressions of opinion only. Client acknowledges that Attorney has made no promise or guarantees about the outcome.

Aug 18, 2022
DATED: August 11, 2022



_____       _____
**BRENDA G. REED**                                              **SAMUEL L. BEGLEY, ESQ**